# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
WAYNE TURNER,                          *
                                       *
              Petitioner,              *     No. 12-331V
                                       *     Special Master Christian J. Moran
                                       *
v.                                     *     Filed: July 25, 2014
                                       *
SECRETARY OF HEALTH                    *     Attorneys' fees and costs; award
AND HUMAN SERVICES,                    *     in the amount to which
                                       *     respondent does not object.
              Respondent.              *
* * * * * * * * * * * * * * * * * * * *
```

Elizabeth Muldowney, Rawls, McNelis, and Mitchell P.C., Richmond, VA, for
Petitioner;
Justine Daigneault, U.S. Department of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION ON FEES AND COSTS[1]

On July 24, 2014, respondent filed a stipulation of fact concerning final
attorneys' fees and costs in the above-captioned matter.  Previously, Mr. Turner
informally submitted a draft application for attorneys' fees and costs to respondent
for review.  Upon review of petitioner's application, respondent raised objections
to certain items.  Based on subsequent discussions, Mr. Turner amended his
application to request $35,789.15, an amount to which respondent does not object.
The Court awards this amount.

On May 25, 2012, Mr. Turner filed a petition for compensation alleging that
the trivalent influenza ("flu") vaccination, which is contained in the Vaccine Injury

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17,
2002), requires that the Court post this decision on its website.  Pursuant to Vaccine Rule 18(b),
the parties have 14 days to file a motion proposing redaction of medical information or other
information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the special
master will appear in the document posted on the website.

Table (the "Table"), 42 C.F.R. §100.3(a), and which he received on October 27, 2010, caused him to develop a brachial plexopathy or brachial neuritis.  Mr. Turner received compensation based upon the parties' stipulation.  <u>Decision</u>, filed April 28, 2014.  Because Mr. Turner received compensation, he is entitled to an award of attorneys' fees and costs.  42 U.S.C. § 300aa-15(e).

Mr. Turner seeks a total of **$35,289.15** in attorneys' fees and costs for his counsel.  Additionally, in compliance with General Order No. 9, petitioner states that he incurred **$500.00** in out-of-pocket litigation expenses while pursuing this claim.  Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the Court awards the following:

a.  **A lump sum of $35,289.15 in the form of a check made payable to petitioner and petitioner's attorney, Elizabeth M. Muldowney, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

b.  **A lump sum of $500.00, payable to petitioner, Wayne Turner, for costs he incurred in pursuit of his petition.**

The Court thanks the parties for their cooperative efforts in resolving this matter.  The Clerk shall enter judgment accordingly.

Any questions may be directed to my law clerk, Marc Langston, at (202) 357-6392.

**IT IS SO ORDERED.**

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master